UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE STUCKEY, | ) 1:11-cv—00452-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS BROUGHT |
| | ) PURSUANT TO 28 U.S.C. § 2241 |
| v. | ) (Doc. 1) |
| | ) |
| H. A. RIOS, JR., | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY AND |
| Respondent. | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) CASE |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis in a habeas corpus action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a writing signed by Petitioner and filed by Petitioner on March 23, 2011 (doc. 6.). Pending before the Court is the petition, which was filed on March 17, 2011.

I. Screening the Petition

Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. Background

Petitioner, an inmate of the United States Penitentiary at Atwater (USPA), is serving a sentence of three hundred and twenty-seven (327) months imposed in 1993 in the United States District Court for the Central District of California pursuant to Petitioner's conviction of robbery in violation of 18 U.S.C. § 2113(A). (Pet. 2, 7.)

Petitioner challenges his sentence on the ground that the sentencing court enhanced his sentence for prior convictions of robbery and a controlled substance offense that have subsequently been determined not to qualify under the governing federal sentencing statutes and rules in Begay v. United States, 553 U.S. 137 (2008) and Chambers v. United States, 555 U.S. 122 (2009), which limited enhancement of career offenders for a "violent felony," and in Salinas v. United States, 547 U.S. 188 (2006) and United States v. Bowman, 116 Fed. Appx. 840 (9th Cir. 2004), which limited enhancement of career offenders for controlled substance offenses pursuant to § 4B1.1 and 4B1.2. (Pet. 2-3, 12, 18-21.)

Petitioner states that he raised his claims in previous petitions. He filed an appeal and a previous petition pursuant to 28 U.S.C. § 2255 in the Central District, which was denied in 1998. He also filed "[o]ther petitions," including a second petition pursuant to 28 U.S.C. § 2255, which were denied. (Pet. 7.) On December 9, 2010, the Ninth Circuit Court of Appeals denied Petitioner's motion for leave to file a second or

successive petition in the district court. (Pet. 7, 28-29.) In view of the denial, Petitioner alleges that § 2255 is inadequate, and § 2241 is his only resort. (Pet. 4.) He further contends that § 2255 is inadequate because Petitioner is factually innocent of the sentencing enhancement. (Pet. 9.)

### III. Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

4

legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that the exception is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden of demonstrating that the § 2255 remedy is inadequate or ineffective, the § 2241 petition will be dismissed for lack of jurisdiction.  Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

     IV.   Analysis

    Here, Petitioner challenges the underlying sentence imposed on him, including the sentencing court's use of prior convictions.  Because Petitioner is alleging errors in his sentence, and not errors in the administration of his sentence,

the Court concludes that Petitioner is not entitled to relief under § 2241.

Petitioner argues that § 2255 is inadequate and ineffective because Petitioner had already filed a previous motion pursuant to § 2255 by the time the courts issued the decisions in the cases upon which he relies for substantive relief.

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has not shown that any newly discovered evidence is in issue or is otherwise material in this proceeding.

Further, Petitioner does not cite, and the Court is not aware of, any authority which determined that the United States Supreme Court cases upon which Petitioner relies are new rules of constitutional law that are retroactively applicable. It appears that the cases or rules in question concern principles and decisions concerning statutory construction as distinct from rules of constitutional law.

Therefore, Petitioner appears to contend correctly that he would not meet the requirements for filing a successive motion pursuant to § 2255. However, the mere failure to meet the statutory bar for successive motions does not render the remedy

6

under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h).  See, Moore v. Reno, 185 F.3d 1054, 155 (9th Cir. 1999).

Petitioner contends that the remedy is inadequate or ineffective because on December 9, 2010, the Ninth Circuit declined to certify a successive motion pursuant to § 2255 in Stuckey v. United States of America, case no. 10-73251.  (Pet. 29.)  However, the mere refusal of the Court of Appeals to certify a second or successive § 2255 motion does not render the remedy inadequate or ineffective.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Petitioner argues that he is actually innocent of the sentencing enhancement.  Although the authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never had an "unobstructed procedural shot" at presenting the claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Stephens, 464 F.3d 895, 898.

In determining whether a claim became available only after an earlier court decision, a court considers whether 1) the legal basis for the petitioner's claim arose after he had exhausted his

7

direct appeal and first § 2255 motion, and 2) the law changed in any way relevant to the claim after the first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). Here, it appears that the legal basis for Petitioner's claim arose after a decision on a previous motion pursuant to § 2255.

However, Petitioner has not met his burden of establishing actual innocence. Petitioner does not claim or demonstrate that he was factually innocent of the robbery for which the sentence he challenges was imposed. Petitioner instead claims that he is "innocent" of having the necessary prior violent felony and/or controlled substance offense required for a finding of career offender status and enhancement of his sentence. This does not meet the requirements set forth in the governing cases.

Based on the foregoing, the Court concludes that Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims. Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241 and the petition should be dismissed for lack of jurisdiction.

V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to a court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998). An appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

It appears from the face of Petitioner's § 2241 petition that Petitioner is raising previously unsuccessful claims attacking only the legality of his conviction and sentence, and not the execution of his sentence.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the

existence of mere good faith; the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                       /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE